

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00362-CR

**DEREK WAYNE NUTT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 82nd District Court
Falls County, Texas
Trial Court No. 10974**

## MEMORANDUM OPINION

After a jury trial, Derek Wayne Nutt was convicted of the felony offense of aggravated assault with a deadly weapon and sentenced to 45 years in prison. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). In two issues on appeal, Nutt contends the trial court committed reversible jury-charge error in both the guilt-innocence and punishment jury charges. We affirm.

Reviewing courts utilize a two-step process when analyzing a jury charge issue. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, we determine whether error exists in the jury charge. *Id.* at 731-32. If error is found, we then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* If the error was properly preserved by objection, reversal is necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). However, if error was not preserved at trial by a proper objection, a reversal of the trial court's judgment will only be granted if the error presents egregious harm, meaning that the defendant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, the defendant must have suffered actual harm, not merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012).

**Voluntary-Conduct Instruction**

In his first issue, Nutt claims that the trial court erred by failing to *sua sponte* instruct the jury on voluntariness of conduct pursuant to Section 6.01 of the Texas Penal Code, and that he was egregiously harmed by the error. *See* TEX. PENAL CODE ANN. § 6.01.

The trial court must submit to the jury a written charge setting forth the law applicable to the case. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14. However, a trial court does not have a duty to *sua sponte* instruct the jury on a defensive issue that may have

been raised by the evidence.  *See id.*; *see Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).  This is because, "which defensive issues to request are strategic decisions generally left to the lawyer and the client."  *Id.* at 63.  As such, "[a]n unrequested defensive issue is not the law applicable to the case."  *Taylor v. State*, 332 S.W.3d 483, 487 (Tex. Crim. App. 2011).  A voluntary-conduct instruction under Section 6.01 is a "defensive issue."  *See* TEX. PENAL CODE ANN. § 6.01; *see Rogers v. State*, 105 S.W.3d 630, 639-41 (Tex. Crim. App. 2003) (discussing the difference between the defensive issues of "accident" and "voluntary act"); *Roby v. State*, 647 S.W.3d 747, 749-50 (Tex. App.—San Antonio 2021, no pet.); *Hernandez v. State*, 10-08-00253-CR, 2009 Tex. App. LEXIS 6104, 2009 WL 2397297 (Tex. App.—Waco Aug. 5, 2009, no pet.) (mem. op.) (discussing voluntariness of conduct as a defensive issue); *Vollbaum v. State*, 833 S.W.2d 652, 654-56 (Tex. App.—Waco 1992, pet. ref'd) (same).

Here, it is undisputed that Nutt's trial counsel did not request a jury instruction on voluntariness of conduct under Section 6.01 or otherwise complain of its omission from the charge.  *See* TEX. PENAL CODE ANN. § 6.01.  Because the voluntary-conduct instruction was an unrequested defensive issue, it is not the "law applicable to the case" and the trial court did not err by failing to *sua sponte* include the instruction in the jury charge.  Accordingly, Nutt's first issue is overruled.

**Parole and Good-Conduct Time Instruction**

In his second issue, Nutt argues that the trial court erred by completely omitting from the jury charge on punishment the statutorily-required parole and good-conduct language pursuant to article 37.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PRO. ANN. art. 37.07. Where, as here, the jury assessed punishment and the judgment of conviction includes an affirmative finding of a deadly weapon, the Texas Code of Criminal Procedure requires the trial court to include the instruction on parole eligibility and good-conduct time in article 37.07, section 4(a). *See id.* at art. 37.07 § 4(a), art. 42A.054(c), (d). In such a situation, the trial court must charge the jury as follows:

> The length of time for which a defendant is imprisoned may be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.
>
> It cannot accurately be predicted how the parole law might be applied to this defendant if sentenced to a term of imprisonment, because the application of that law will depend on decisions made by parole authorities.
>
> You may consider the existence of the parole law. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*Id.* at art. 37.07 § 4(a). The State concedes that the trial court erred by omitting this instruction from the charge. We agree that the trial court erred in omitting this mandatory language and now proceed to the requisite harm analysis.

Nutt did not object to the trial court's omission of the parole and good-conduct language, therefore we review his unpreserved complaint for "egregious harm." *See Hooper v. State*, 255 S.W.3d 262, 270 (Tex. App.—Waco 2008, pet. ref'd) (citing *Almanza*, 686 S.W.2d at 171-72). We assess harm in light of the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record as a whole. *See id.* at 171.

Here, the only new evidence admitted during the punishment phase was documentation relating to Nutt's criminal history. In closing arguments, the State emphasized Nutt's extensive criminal history, noting his previous violent offenses, prison sentences, and prior opportunities to correct his behavior through probation. The State also discussed the facts and circumstances of the instant offense in arguing for a lengthy prison sentence. Namely, the State highlighted Nutt's apathy toward the complaining witness's serious injury, threats that Nutt allegedly made to other witnesses, and Nutt's initial refusal to turn himself into jail. Neither the State nor defense counsel mentioned good-conduct time or parole in closing arguments. Further, the jury did not inquire about parole or good-conduct time. Because Nutt pled true to one felony enhancement paragraph, his punishment range was enhanced to 5 to 99 years in prison.

He was sentenced to 45 years in prison, near the middle of the enhanced range. Nothing in this record indicates that the omission of the instruction caused the jury to improperly consider or attempt to compute how parole or good-conduct time might apply to Nutt's sentence. Based on this record, we cannot say that Nutt was egregiously harmed by the omitted instruction. Nutt's second issue on appeal is overruled.

## Conclusion

Having overruled both of Nutt's issues on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed July 25, 2024
[CR25]

